OPINION.
We have, sua sponte, removed this appeal from its original setting upon the calendar of accelerated cases made pursuant to App.R. 11.1(E) and Loc.R. 12.
The plaintiff-appellant, the state of Ohio, has brought this appeal from the order of the Hamilton County Municipal Court granting the motion of the defendant-appellant, Christopher Gempel, to dismiss the complaint lodged against him.
The singular assignment of error before us is the following:
 The trial court erred in granting the defendant's motion to dismiss on the grounds that the prosecution did not commence within the statutory time period when during the period of delay the defendant-appellee was residing outside of the territorial jurisdiction of the court.
 Because the facts upon which the assignment pivots were stipulated in the trial court, or were otherwise undisputed, the question to be resolved was, and is, purely one of law. The state phrases the issue in this manner:
 Whether law enforcement's possession of an arrest warrant for an individual who no longer resides within the territorial limits of the jurisdiction of the court commences a prosecution for purposes of the statute of limitation provision, as set forth in R.C. 2901.13.
 The factual pattern is relatively simple and distinct and presents the issue of law clearly. The chronology of the facts, however, is critical.
On December 12, 1992, Christopher Gempel became involved in an affray with Walter Roetting, the immediate cause of which is not explained in the record, but in and of itself is immaterial to the issue. Both Gempel and Roetting were referred to the Private Complaint Mediation Program, a court-funded, alternative-dispute-resolution mechanism designed to alleviate the burdens of the court system in appropriate cases.
On January 5, 1993, both Gempel and Roetting appeared in the offices where the program was administered, but mediation was unsuccessful. Resultantly, Roetting was given a "program authorized warrant referral" over the signature of the prosecutor. That referral authorized the issuance of a warrant on "charges of assault 2903.13" against Gempel, whose stated address was "5215 Linbar, Nashville 37211" (emphasis ours). The named complainant was Walter Roetting, and the description of the allegation was that on "12-12-92" the "complainant alleges that defendant punched complainant in face [sic]."
Roetting signed his complaint on the same day, and, in part, it stated that Gempel "did knowingly cause physical harm "to Roetting on December 12, 1992." Roetting's affidavit, which supported the complaint, detailed the alleged assault and listed the names and addresses of witnesses.
On the same day, January 5, 1993, the clerk of the Hamilton County Municipal Court issued a warrant commanding the "Police Chief" to "take the body of Christopher Gempel" to answer the complaint." Gempel's social-security number was set forth, but his address was given as "5215 Linbar," without a city or state provided as the location of that address.
The state admits that the police were unable to locate Gempel because "5215 Linbar" was not an address existing in Hamilton County, Ohio. However, on March 7, 1998, Gempel was arrested for a traffic offense in Hamilton County, and the warrant that had been entered into the police computer system was found to be outstanding. Consequently, Gempel was taken into custody according to the command in the warrant.
On March 9, 1998, Gempel entered his plea of not guilty, and on April 27, 1998, he filed, through counsel, his motion to dismiss the assault charge. We note here that while we are unable to find within the body of papers certified to us as the record in this appeal any written motion to dismiss, the transcript of proceedings demonstrates that the court conducted a hearing on a motion to dismiss on May 22, 1998. That hearing produced the order from which this appeal derives.
Although Roetting, Gempel and the witnesses subpoenaed by the prosecution were present in court, no evidence was taken. A series of unrecorded conferences between the court and counsel were conducted and from them evolved the stipulations of the dates and events sketched out supra.
From the drift of the colloquy between the court and counsel contained in the transcript of proceedings, the predicate of the motion before the court was that the statute of limitations encompassed in R.C. 2901.13(E) had run before Gempel's arrest on the warrant on March 7, 1998.
The court centered its attention immediately on that section of the code, which provides in pertinent part:
 A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation or other process is issued, whichever occurs first * * *. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same.
R.C. 2901.13(A) (2) provides:
 (A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
* * *
 (2) For a misdemeanor other than a minor misdemeanor, two years[.]
 The court asked the prosecutor directly to explain why the clear statutory provisions did not serve, in light of the stipulations of fact, to substantiate Gempel's motion to dismiss the charge against him. The prosecutor responded:
 And in this case, I think what I'm basically arguing is position of new law, a position of standards that should be adopted in the case of — this particular case.
 And the reason I'm arguing that is that this gentleman who was bringing this prosecution did everything that was proper within his power to commence this charge at the proper time.
 It was obvious at this stage of the proceedings that the dispositive fact was whether "reasonable diligence [was] exercised to execute the [warrant]" in harmony with the law.
The prosecutor produced a copy of the warrant and addressed himself to the court when continuing his argument:
 However, I will point out that, and the reason I'm having it entered Exhibit 1, will clearly demonstrate that whoever at the clerk's office filled out the address for the warrant did not indicate that it was out of state. It was a Tennessee address that they had. So the burden is on the state. So the question is: Did the state do everything reasonable to execute the warrant? Based on the information they had on the warrants, we cannot disprove or prove that they did anything outside or were negligent in anyway, because based on the information they had on the warrant, they are going to assume it's an Ohio address.
 So, do we have — do we send, therefore, officers out to scour the address, to go to that address, and they go to that address or try to find that address, it doesn't exist. That address doesn't exist in Ohio, so then what did they do. They say we are going to catch him sooner or later, which is exactly what happened, a traffic stop, open warrant is found outstanding.
 So based on the information that the officers had, because the warrants only indicated a street address, they are assuming it's in Ohio, the efforts that they made would have been reasonable.
 The fundamental flaw in the prosecutor's argument is that while Exhibit 1 duplicates the defect in the original warrant, i.e., the absence of an address detailing the city and state in which "5215 Linbar" is located, the paper writing that referred this case from the Private Complaint Program for issuance of that warrant unmistakably lists that street address as being in "Nashville 37211."
The information needed to permit authorities to execute the warrant was clearly visible in the paperwork that underpinned the warrant itself. Upon the stipulated facts, there was no need to "scour the address." It was visible on the face of the file. The execution of the warrant did not require an assumption that 5215 Linbar was within Ohio; it was denominated as being in Nashville with a zip code that a reasonably diligent person could have found to have been assigned to an area within the state of Tennessee.
The secondary flaw in the state's position is that it, in part, seems to rest upon the theory that the complainant, Roetting, referred to as "the gentleman who was bringing this prosecution," had some right or responsibility with respect to the execution of the warrant that issued on his complaint. If such an inference is to be gained from the prosecutor's argument, such approach is untenable.
Once Roetting's complaint was filed properly, the matter was out of his hands from a procedural standpoint. The onus was upon those charged by statute with administration of the law. Lawful execution of the warrant was essential to vest the court with jurisdiction of the person of the accused, Gempel.
This court is fully aware of the problems confronting enforcement agencies, particularly in urban communities where affrays such as that involved here are commonplace events that strain available resources. Still, the law must be obeyed, and personal jurisdiction must not depend upon assumptions. Certainly, this is true when factual information is readily at hand.
Prosecution of the assault alleged in Roetting's complaint was barred by force of R.C. 2901.13(A) (2), read in parimateria with subsection (E), because the record fails to demonstrate the exercise of reasonable diligence to execute the warrant.
We hold, therefore, that where, as here, the street address, in its entirety, of a named defendant, who has given that information without evasion, is clearly discernible in the documents establishing the basis for the issuance of a warrant, the authorities who fail to employ that information to serve the warrant have failed to exercise reasonable diligence. Consequently, after the expiration of two years from the date upon which a misdemeanor was committed, the prosecution of that charge is time-barred as a matter of law.
In fine, the statute means exactly what the statute says. Our decision is restricted to the facts of this case. It must be borne in mind that there is nothing in the record that would establish directly or inferentially that Gempel absented himself from Ohio or concealed his whereabouts to avoid prosecution.
For the reasons given, the assignment of error is not well taken, and the judgment of the Hamilton County Municipal Court is affirmed.
Gorman, P.J., and Painter, J., concur.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.